## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| EVAN CALIBER, individually and on behalf of all others similarly situated, | Case No. |
| | **4:25-CV-2648** |
| Plaintiff, | |
| v. | **JURY TRIAL DEMANDED** |
| VIPER TEC, INC. | |
| Defendant. | |

## PLAINTIFF'S CLASS ACTION COMPLAINT

Plaintiff Evan Caliber ("Plaintiff") by his undersigned counsel, for this class action complaint against Defendant Viper Tec Inc. ("Defendant"), as well as its present, former and future direct and indirect parent companies, subsidiaries, affiliates, agents and related entities, as applicable, and alleges as follows:

## I.    INTRODUCTION

1.    <u>Nature of Action</u>: "Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers,' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms,' *id.* § 2(9)." *Krakauer v. Dish Network, L.L.C.,* 925 F.3d 643, 649 (4th Cir. 2019).

2.      "[T]he law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.'). . . . [P]rivate suits can seek either monetary or injunctive relief. [47 U.S.C. § 227(c)(5)]. . . . This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Id*. at 649-50.

3.      Plaintiff, individually and as class representative for all others similarly situated, brings this action against Defendant for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") for making telemarketing calls, including text messages, to numbers on the National Do Not Call Registry, including his own.

4.      Because telemarketing campaigns generally place calls to thousands or even millions of potential customers *en masse*, Plaintiff brings this action on behalf of a proposed

nationwide class of other persons who received illegal telemarketing calls from or on behalf of

Defendant, as well as those individuals who had previously asked to no longer receive calls.

## II.    PARTIES

5.   Plaintiff is an individual who resides in the Southern District of Texas.

6.   Defendant is a Florida corporation with its headquarters and principal place of

business in Miami, Florida.

## III.    JURISDICTION AND VENUE

7.   Jurisdiction. This Court has federal-question subject matter jurisdiction over Plaintiff's

TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. 47 U.S.C. §

227; *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012).

8.   Personal Jurisdiction: The Court has specific personal jurisdiction over Defendant

because Defendant directed its conduct into this state by calling Plaintiff.

9.   Venue: Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a

substantial portion of the events giving rise to this lawsuit–the receipt of the illegal text messages

at issue–occurred in this District.

## IV.    FACTS

 A.    The Enactment of the TCPA and its Regulations

10.    In 1991, Congress enacted the TCPA in response to a growing number of

consumer complaints regarding certain telemarketing practices.

11.    Section 227(c) of the TCPA requires the FCC to "initiate a rulemaking proceeding

concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving

telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

12.     The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

13.     A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

14.     The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are made. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

**B.     Unsolicited Telemarketing to Plaintiff**

15.     Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

16.     Defendant is a corporation that sells knives to consumers.

17.     Plaintiff's cellular telephone number, (305) XXX-XXXX, is a telephone number that is used for residential purposes.

18.     Plaintiff uses the telephone number for his own personal, residential, and household needs and reasons.

19.     For example, Plaintiff uses the number to communicate with friends, family, and acquaintances, time household tasks, such as cooking, and for navigation while running household tasks.

20.     The number is a residential telephone line because it is assigned to a telephone exchange service for consumers and is not assigned to a telephone exchange service for businesses.

21.     Plaintiff, like most people, no longer maintains any other residential telephone number, like a landline number. As such, the number at issue is his only residential telephone line.

22.     The telephone number is the primary means of reaching Plaintiff at his residence.

23.     Plaintiff's number has been on the National Do Not Call Registry since he registered it on the Registry on March 29, 2017, well prior to receiving the text messages at issue.

24.     Despite that, Plaintiff received at least 20 telemarketing text messages from the same phone number 833-356-3089 between at least August 9, 2024 and present.

25.     The text messages were sent to advertise Defendant's goods and services.

26.     Samples of the text messages are reproduced below:





27.     It is evident that the Defendant sent the text messages at issue here to promote its

knife products.

28.     Each of the links in the text messages leads to the Defendant's website, although

the Defendant appears to have used a link shortening service for the messages at issue.

29.     The Plaintiff did not ask for the text messages.

30.     Because they were sent to encourage the purchase of the Defendant's knives, the

text messages were telemarketing.

31.     Under the TCPA, as confirmed by the Supreme Court, text messages are "calls"

for the purposes of the TCPA. *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 153 (2016).

32.     A reasonable seller would investigate into the reasons why they would be sending

messages to numbers on the National Do Not Call Registry.

33.     Plaintiff's privacy has been violated by the above-described telemarketing

calls/text messages.

34.     Plaintiff never provided his consent or requested these messages.

35.     In fact, the Plaintiff never signed up as an initial matter to receive text messages

from the Defendant.

36.     The aforementioned messages that were sent to the Plaintiff were unwanted.

37.     The messages were non-consensual encounters.

38.     Plaintiff and all members of the Class, defined below, have been harmed by the

acts of Defendant because their privacy has been violated and they were annoyed and harassed.

In addition, the messages occupied their telephone storage space, rendering them unavailable for

legitimate communication and other legitimate uses, including while driving, working, and

performing other critical household tasks for which storage is required.

## V.    CLASS ACTION ALLEGATIONS

39.    <u>Class Definition</u>. Pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), Plaintiff brings

this case on behalf of the Classes (the "Classes") defined as follows:

> **<u>National Do Not Call Registry Class</u>**: All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing text message or call from or on behalf of Defendant, (3) within a 12-month period, (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

40.    Excluded from the Class are counsel, Defendant, any entities in which Defendant

has a controlling interest, Defendant's agents and employees, any judge to whom this action is

assigned, and any member of such judge's staff and immediate family.

41.    The Class, as defined above, are identifiable through telephone records and

telephone number databases.

42.    The potential members of the Class likely number at least in the hundreds because

of the *en masse* nature of telemarketing calls.

43.    Individual joinder of these persons is impracticable.

44.    Additionally, the disposition of the claims in a class action will provide

substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

45.    Plaintiff is a member of the Class and will fairly and adequately represent and

protect the interests of the Classes as he has no interests that conflict with any of the class

members.

46.     Plaintiff and all members of the Class have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, and the intrusion on their telephone that occupied it from receiving legitimate communications.

47.     This class action complaint seeks injunctive relief and money damages.

48.     There are numerous questions of law and fact common to Plaintiff and members of the Class. These common questions of law and fact include, but are not limited to, the following:

       a.     Whether Defendant systematically made multiple telephone calls to members of the National Do Not Call Registry Class;

       b.     whether Defendant made calls to Plaintiff and members of the National Do Not Call Registry Class without first obtaining prior express written consent to make the calls; and

       c.     whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

49.     Plaintiff's claims are typical of the claims of the Class, as they arise out of the same common course of conduct by Defendant and are based on the same legal and remedial theories.

50.     Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class, he will fairly and adequately protect the interests of the Class, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

51.     Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient

adjudication of the controversy. The only individual question concerns identification of class

members, which will be ascertainable from records maintained by Defendant, or any of its agents

which discovery might reveal were also involved in the claims at issue.

52.    A class action is the superior method for the fair and efficient adjudication of this

controversy. Class-wide relief is essential to compel Defendant to comply with the TCPA. The

interests of individual members of the Class in individually controlling the prosecution of

separate claims against Defendant is small because the damages in an individual action for

violation of the TCPA are small. Management of these claims is likely to present significantly

more difficulties than are presented in many class claims. Class treatment is superior to multiple

individual suits or piecemeal litigation because it conserves judicial resources, promotes

consistency and efficiency of adjudication, provides a forum for small claimants, and deters

illegal activities. There will be no significant difficulty in the management of this case as a class

action.

53.    Defendant has acted on grounds generally applicable to the Class, thereby making

final injunctive relief and corresponding declaratory relief with respect to the Class appropriate

on a class-wide basis. Moreover, on information and belief, Plaintiff alleges that the telephone

solicitation calls made by Defendant and/or its affiliates, agents, and/or other persons or entities

which discovery may reveal may have been acting on Defendant's behalf that are complained of

herein are substantially likely to continue in the future if an injunction is not entered.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**Violations of 47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c)**
**(On Behalf of Plaintiff and the National Do Not Call Registry Class)**

54.    Plaintiff repeats the prior allegations of this Complaint and incorporates them by

reference herein.

9

55.     The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities which discovery may reveal may have been acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to Plaintiff and members of the National Do Not Call Registry Class despite their numbers being on the National Do Not Call Registry.

56.     Defendant's violations were negligent, willful, or knowing.

57.     As a result of Defendant's, and/or its affiliates, agents, and/or other persons or entities which discovery may reveal may have been acting on Defendant's behalf's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the National Do Not Call Registry Class are presumptively entitled to an award of between $500 and $1,500 in damages for each call made.

58.     Plaintiff and the members of the National Do Not Call Registry Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities which discovery may reveal may have been acting on Defendant's behalf from making telemarketing calls to telephone numbers registered on the National Do Not Call Registry, except for emergency purposes, in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A.     Certification of the proposed Classes;

B.     Appointment of Plaintiff as representative of the Classes;

C.     Appointment of the undersigned counsel as counsel for the Classes;

D.      An order enjoining Defendant and/or any of its affiliates, agents, and/or other

persons or entities acting on Defendant's behalf, as applicable, from making telemarketing calls

to numbers on the National Do Not Call Registry, absent an emergency circumstance;

E.      An award to Plaintiff and the Classes of damages, as allowed by law; and

F.      Orders granting such other and further relief as the Court deems necessary, just,

and proper.

## VI.        DEMAND FOR JURY

Plaintiff demands a trial by jury for all issues so triable.

RESPECTFULLY SUBMITTED AND DATED this June 7, 2025.

> */s/ Andrew Roman Perrong*
> Andrew Roman Perrong, Esq.
> Perrong Law LLC
> S.D. Tex. #333687
> 2657 Mount Carmel Avenue
> Glenside, Pennsylvania 19038
> Phone: 215-225-5529 (CALL-LAW)
> Facsimile: 888-329-0305
> a@perronglaw.com

11